IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| REYNALDO PALOMO, ) | |
| ID # 1065150, ) | |
|     Petitioner, ) | |
| vs. ) | No. 3:05-CV-0715-H (BH) |
| ) | ECF |
| NATHANIEL QUARTERMAN,[1] Director, ) | Referred to U.S. Magistrate Judge |
| Texas Department of Criminal ) | |
| Justice, Correctional Institutions Division, ) | |
|     Respondent. ) | |

FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

I. BACKGROUND

Petitioner, an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge an October 4, 2001 judgment that resulted in a forty-five year sentence for unlawful possession of a firearm in Cause No. F00-55524KR and a seven year sentence for evading arrest in F00-55523KR. Respondent is Nathaniel Quarterman, Director of TDCJ-CID.

On December 28, 2000, petitioner pled guilty to unlawful possession of a firearm and evading arrest in Dallas County. He received a probated sentence for evading arrest and deferred adjudication probation for the firearm offense. As a condition of probation, petitioner was ordered to complete the Cenikor program. On May 1, 2001, the State moved to revoke his probation and adjudicate him guilty. On October 4, 2001, the trial court revoked his probation, and entered the state judgment challenged in this action. On October 30, 2002, the court of appeals affirmed the October 4, 2001 judgment, and petitioner filed no petition for discretionary review despite an

---

[1] On June 1, 2006, Nathaniel Quarterman became the Director of the Texas Department of Criminal Justice - Correctional Institutions Division. The Court thus substitutes him for Douglas Dretke. *See* Fed. R. Civ. P. 25(d)(1).

extension of time to January 31, 2003, to do so. On June 22, 2004,[2] petitioner filed a state application for writ of habeas corpus that the Texas Court of Criminal Appeals denied on December 8, 2004.

Petitioner filed the instant petition on April 4, 2005, when he placed it in the prison mail system. (Pet. at 9);[3] *see also Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (recognizing that prisoners file their federal pleadings when they place them in the prison mail system). He claims that his attorney rendered ineffective assistance in September and October 2001, when she failed to investigate why he left the Cenikor program.

## II. STATUTE OF LIMITATIONS

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because petitioner filed the instant petition after its effective date, the Act applies to his petition.

Title I of the Act substantially changed the way federal courts handle habeas corpus actions. One of the major changes is a one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). The one-year period is calculated from the latest of either (A) the date on which the relevant state judgment became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review;

---

[2] Petitioner indicates that he filed his state application on August 26, 2004. Because that date is the same date that the Texas Court of Criminal Appeals received the application, this Court independently verified the date that petitioner filed his application with the trial court. He filed his state application on June 22, 2004.

[3] The petition actually indicates that petitioner placed the federal petition in the prison mail system on April 4, 2004. However, because the Court received it on April 13, 2005, and because the petition sets forth procedural history that occurred after April 4, 2004, the Court determines that petitioner erroneously refers to April 4, 2004, rather than April 4, 2005.

or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. *See id.* § 2244(d)(1)(A)-(D).

Petitioner has alleged no state-created impediment under subparagraph (B) that prevented him from filing his federal petition. Nor does he base his petition on any new constitutional right under subparagraph (C). Thus, as § 2244(d)(1) relates to this case, the Court will calculate the one-year statute of limitations from the latest of (A) the date the relevant judgment became final or (D) the date on which he knew or should have known with the exercise of due diligence the facts supporting his claims.

With regard to subparagraph (A), petitioner appealed the October 4, 2001 judgment but filed no PDR, despite a granted extension of time to do so. The state judgment thus became final for purposes of § 2244(d) upon the expiration of the time for seeking further review through the filing of a PDR, *i.e.*, on January 31, 2003, the date to which the court of appeals extended the deadline for such filing. *See Roberts v. Cockrell*, 319 F.3d 690, 692 (5th Cir. 2003) (rejecting reliance upon the date of mandate). Petitioner's relevant state judgment thus became final on January 31, 2003.

With regard to subparagraph (D), the Court determines that the facts supporting the claim raised in the instant petition for habeas relief also became known or could have become known prior to the date petitioner's relevant state judgment became final on January 31, 2003. The claim that his attorney rendered ineffective assistance would have been known at the revocation hearing in October 2001.

Because petitioner filed his federal petition more than one year after the October 4, 2001 judgment became final on January 31, 2003, a literal application of § 2244(d)(1) renders petitioner's April 4, 2005 filing untimely.

### III. TOLLING

The AEDPA expressly and unequivocally provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending *shall not be counted toward any period of limitation under this subsection*."

28 U.S.C. § 2244(d)(2) (emphasis added). Thus, the clear language of § 2244(d)(2) mandates that petitioner's time calculation be tolled during the period in which his state habeas applications were pending before the Texas state courts. *See also*, *Henderson* v. *Johnson*, 1 F. Supp. 2d 650, 652 (N.D. Tex. 1998) (holding that the filing of a state habeas application stops the one-year period until ruling on state application).

When petitioner filed his state petition on June 22, 2004, the statutory tolling period had already expired. Accordingly, the statutory tolling provision does not save the federal petition filed April 4, 2005. Further, nothing in the petition or supporting memorandum indicate that rare and exceptional circumstances warrant equitable tolling. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (recognizing that statute of limitations is subject to equitable tolling); *Henderson* v. *Johnson*, 1 F. Supp. 2d 650, 654 (N.D. Tex. 1998) (same). Accordingly, petitioner's April 5, 2004 filing falls outside the statutory period and should be deemed untimely.

## IV.  RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge **RECOMMENDS** that the Court find the request for habeas corpus relief brought pursuant to 28 U.S.C. § 2254 barred by statute of limitations and **DENY** it with prejudice.

**SIGNED this 9th day of November, 2006.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE